# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**CRAYTONIA LATOY BADGER**                                                                 **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 3:09-cv-683-HTW-LRA**

**HAROLD JONES, et al.**                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause comes before this Court *sua sponte* for consideration of dismissal. The Plaintiff filed this complaint pursuant to Title 42 U.S.C. § 1983 and requested *in forma pauperis* status. On November 17, 2009, two orders were entered in this action. One order [4] directed the Plaintiff to pay the required $350.00 filing fee or file a completed *in forma pauperis* application, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this Court, within thirty days. The other order [3] directed the Plaintiff to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The Plaintiff was warned in these Court orders [3 & 4] that failure to timely comply with the requirements of the orders may lead to the dismissal of his complaint. The Plaintiff failed to comply with both of the orders [3 & 4].

On January 19, 2010, this Court entered an order [5] directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders [3 & 4] of November 17, 2009. In addition, Plaintiff was directed to comply with this Court's orders [3 & 4] of November 17, 2009, on or before February 9, 2010. The Plaintiff was warned in this

Court's order [5] of January 19, 2010, that failure to timely comply with the requirements of the order may result in this cause being dismissed. Plaintiff failed to comply with this order [5].

On March 1, 2010, this Court entered a second order [6] directing the Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's orders [3, 4, & 5] of November 17, 2009 and January 19, 2010. In addition, Plaintiff was directed to comply with the November 17, 2009 orders [3 & 4] on or before March 23, 2010. The Plaintiff was warned in this Court's order of March 1, 2010, that failure to advise this Court of a change of address or failure to timely comply with the requirements of the orders would result in this cause being dismissed. Plaintiff failed to comply with this order [6].

Plaintiff has failed to comply with four Court orders and has not contacted this Court since November 13, 2009. This Court has the authority to dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. Since the Defendants have not been called on to respond to Plaintiff's

pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 27th day of April, 2010.

        s/ HENRY T. WINGATE
        CHIEF JUDGE
        UNITED STATES DISTRICT COURT


Civil Action No. 3:09-cv-683-HTW-LRA
Memorandum Opinion and Order